Matter of Richman (2026 NY Slip Op 00135)

Matter of Richman

2026 NY Slip Op 00135

Decided on January 14, 2026

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 14, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
WILLIAM G. FORD, JJ.

2022-06357

[*1]In the Matter of Steven H. Richman, admitted as Steven Howard Richman, a suspended attorney. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Steven H. Richman, respondent. (Attorney Registration No. 1894344)

The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on January 18, 1984, under the name Steven Howard Richman. By decision and order on motion dated June 2, 2023, the respondent was suspended immediately from the practice of law pursuant to Judiciary Law § 90(4)(f) and 22 NYCRR 1240.12(b)(2) and (c)(2)(ii) based on his conviction of a serious crime. By the same decision and order on motion, the respondent was directed to show cause pursuant to 22 NYCRR 1240.12(c)(2)(i) before the Honorable Patricia M. DiMango, as Special Referee, why a final order of discipline should not be made based on his conviction of a serious crime. By decision and order dated October 13, 2023, the Honorable Patricia M. DiMango was relieved as Special Referee, and the matter was reassigned to the Honorable Arthur J. Cooperman, as Special Referee, to hear and report.

David W. Chandler, Brooklyn, NY, for petitioner.
Arnold N. Kriss, Brooklyn, NY (Barry M. Kamins of counsel), for respondent.

PER CURIAM.

OPINION & ORDER
The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts moved to suspend the respondent from the practice of law based on his conviction of two counts of official misconduct, in violation of Penal Law § 195.00(1), a class A misdemeanor. By decision and order on motion dated June 2, 2023, the respondent was suspended immediately and directed to show cause at a hearing before a Special Referee why a final order of discipline should not be made based on his conviction of a serious crime. Following a prehearing conference on June 21, 2023, before the Honorable Patricia M. DiMango, a prehearing conference on October 19, 2023, before the Honorable Arthur J. Cooperman, and a hearing on December 11, 2023, the Special Referee filed a report dated February 9, 2024. In it, the Special Referee concluded that the respondent had not demonstrated why a final order of public discipline should not be made, based on his conviction of two counts of official misconduct. The Grievance Committee now moves to confirm the Special Referee's report and impose such discipline upon the respondent as the Court deems just and proper. The respondent cross-moves, inter alia, to disaffirm the Special Referee's report insofar as it "discounts [r]espondent's expression of remorse," and to impose such discipline upon the respondent as the Court deems just and proper.Criminal Conviction 
Following negotiations between the New York County District Attorney's office and the respondent, the respondent entered a plea of guilty to two counts of official misconduct before the New York County Criminal Court and read a written plea allocution into the record. According to his allocution, between 1999 and January 2021, the respondent served as general counsel to the Board of Elections in the City of New York (hereinafter BOE), and, as such, had access to the BOE's offices. In this role, the respondent was responsible for hiring, supervising, and disciplining the legal interns and other staff at the BOE. With respect to the first count of official misconduct, the respondent stated that, on Sunday, August 16, 2020, he committed an act related to his position, but constituting an unauthorized exercise of his official functions, while knowing that he was not authorized to do so. Specifically, the respondent convinced an individual that the respondent could use his position with the BOE to secure the individual a job as a security guard at a political event, but the respondent would only do so if the individual passed a physical fitness evaluation performed by the respondent. The respondent and the individual entered the BOE offices on August 16, 2020, which was an unauthorized use of the office based on the respondent's position as general counsel, since he had no legitimate work-related purpose for being there on that date. After an interview and the individual's completion of certain paperwork, the respondent "performed a physical fitness evaluation of [the] individual inside of the [BOE] offices, which involved [the respondent] measuring [the individual's] body parts, both [the respondent and the individual] placing each other in wrestling holds, and [the respondent] taking photos of [the individual]." Following this interaction, the respondent took no steps toward securing the individual a position as a security guard. The respondent "did this with the intent to obtain a personal benefit, to wit, [his] own personal interest."
With respect to the second count of official misconduct, the respondent admitted during his allocution that during the summer of 2017, he "misused [his] authority over the legal interns to convince one of [the interns] that it would be a good idea for [the intern's] future job prospects for him to take a job as a security guard at political events." The respondent and the intern then used the BOE offices during non-work hours to conduct a "physical fitness assessment" administered by the respondent, involving the respondent, "with [the intern's] consent," measuring the intern's body parts and the two putting each other in wrestling holds. The respondent "had to" repeat the assessment of the intern several times thereafter in order to "keep [the intern's] file updated." The respondent stated during his allocution that he had no immediate intention of securing the intern a job as a security guard for any political organization and never took any steps toward securing the intern such a position. The respondent again admitted that he conducted these "assessments" in order to "obtain a personal benefit, to wit, [his] own personal interest." On June 2, 2022, the respondent was sentenced to an unconditional discharge and required to pay a surcharge and a fee totaling $250.The Hearing 
By decision and order on motion dated June 2, 2023, the respondent was suspended immediately from the practice of law pursuant to Judiciary Law § 90(4)(f), and 22 NYCRR 1240.12(b)(2) and (c)(2)(ii) based on his conviction of a serious crime and was directed to show cause why a final order of discipline should not be imposed. At a hearing on December 11, 2023, no witnesses testified, and the respondent submitted as exhibits 28 character letters, his answer in opposition to the Grievance Committee's previous motion to suspend him from the practice of law, and his affidavit of compliance for disbarred or suspended attorneys, as well as two joint exhibits with the Grievance Committee constituting two previous orders of this Court. Following the hearing, the Special Referee stated in his report, with regard to the respondent's acknowledgment of his misconduct or remorse, that "[c]ontrary to counsel's assertion in his post-hearing memorandum, that in respondent's plea of guilty to two counts of Official Misconduct he acknowledged that these two acts 'were a lapse in judgment and were also inappropriate,' the record reveals that no such sworn statement was made by respondent." The Special Referee also noted the respondent's failure to testify at the hearing or to offer any sworn testimony.
The mitigation contained in the respondent's exhibits included that the respondent's misconduct did not relate to his duties or performance as an attorney, that it involved "two isolated acts," and that there was no pattern of wrongdoing. The respondent asserted, through counsel, that he "did not commit any breach of his attorney's responsibilities during the few hours, on both occasions, when [he] conducted political activity in the BOE's offices for his own personal benefit." In his cross-motion, the respondent characterizes his personal benefit as an interest in continuing a volunteer role with the New York State Democratic Committee. The respondent's exhibits also included his statements that his conduct did not interrupt the BOE's work and that he had previously [*2]engaged in these physical assessments in non-governmental venues. The respondent submitted evidence of his extensive career in government and his significant contributions to various legal organizations, including the New York State and Brooklyn Bar Associations. While the respondent concedes that the Special Referee accurately concluded that he made no sworn statements admitting to a lapse in judgment and that his conduct was inappropriate, he nevertheless cross-moves, inter alia, to disaffirm that portion of the Special Referee's report that discounted his expression of remorse, arguing that the character letters submitted demonstrate his remorse.Findings and Conclusion 
We find that the Special Referee properly concluded that the respondent has not demonstrated why a final order of public discipline should not be made. In view of the evidence adduced, the Grievance Committee's motion to confirm the report of the Special Referee is granted, and the respondent's cross-motion, inter alia, to disaffirm the Special Referee's report insofar as it discounted the respondent's expression of remorse is denied.
In determining the appropriate measure of discipline, we have considered the respondent's numerous character letters, his long career in public service, and his lack of disciplinary history. However, we have also considered that the respondent abused his position as general counsel for the BOE, for his personal interest, in violation of the public trust. We are particularly concerned that the respondent's misconduct was committed while he served as a public official, because such actions are especially harmful to the public's trust in the integrity of lawyers, government officials, and our system of governance. Under the totality of the circumstances, we therefore find that the respondent's misconduct warrants a suspension from the practice of law for a period of two years.
LASALLE, P.J., DILLON, DUFFY, BARROS and FORD, JJ., concur.
ORDERED that the Grievance Committee's motion to confirm the Special Referee's report is granted, and the respondent's cross-motion, inter alia, to disaffirm the Special Referee's report insofar as it discounted the respondent's expression of remorse is denied; and it is further,
ORDERED that the respondent, Steven H. Richman, admitted as Steven Howard Richman, a suspended attorney, is suspended from the practice of law for a period of two years, effective immediately, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than July 14, 2027. In such application (see 22 NYCRR 1240.16), the respondent shall furnish satisfactory proof that during the period of suspension he (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11(a), and (4) otherwise properly conducted himself; and it is further,
ORDERED that the respondent, Steven H. Richman, admitted as Steven Howard Richman, shall continue to comply with this Court's rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Steven H. Richman, admitted as Steven Howard Richman, shall continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Steven H. Richman, admitted as Steven Howard Richman, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Darrell M. Joseph
Clerk of the Court